## Assistant County Superintendents of Schools

ARNOLD, Deputy Attorney General, December 12, 1934.—You have asked us to advise you as to the proper construction of section 3 of the Act of May 26, 1933, P. L. 1072, particularly with respect to its relation to prior legislation on the same subject.

Section 1126 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 24, 1921, P. L. 1078, provides as follows:

"Every county superintendent having more than one hundred and fifty and not more than three hundred and fifty teachers under his supervision shall have an assistant superintendent; every county superintendent having more than

three hundred and fifty and not more than six hundred teachers under his supervision shall have two assistant superintendents; every county superintendent having more than six hundred and not more than eight hundred teachers under his supervision shall have three assistant superintendents; and for each additional four hundred teachers, or fraction thereof, under his supervision, a county superintendent shall have an additional assistant superintendent. *And the school directors of any county, at their convention for electing a county superintendent, may authorize the appointment of additional assistant supertendents to those herein provided for.*" (Italics ours.)

Section 1130 of the School Code as amended by the Act of May 27, 1919, P. L. 300, provides as follows:

"The minimum salary of each assistant county superintendent shall be eighteen hundred dollars ($1,800) per year, which shall be paid out of the State appropriation for public schools in such payments and manner as the county superintendents are paid. The salaries of additional assistant county superintendents, whose appointments may be authorized as herein provided, shall be fixed by the convention of school directors which provides for their appointment, and, together with any additional salary granted by said convention to any required assistant county superintendent, shall be paid from the school appropriation apportioned among the several school districts under the supervision of the county superintendent before the same is distributed. The salaries of assistant county superintendents shall be paid monthly.

"In addition to the said salary, each assistant county superintendent shall be entitled to receive annually a sum not to exceed five hundred dollars for the payment of actual and necessary expenses incurred in visiting schools within his district, in attending educational meetings, and in the performance of such other official duties as may be required by him by law. Payments shall be made monthly, on account of such expenses, to any such assistant county superintendent by requisition of the Superintendent of Public Instruction upon the Auditor General, upon the production to him of itemized vouchers in the usual manner."

The minimum salary provisions of section 1130 were superseded by an amendment to section 1210 (8) of the code, approved May 7, 1929, P. L. 1587, which fixed the minimum annual salary of all assistant county superintendents at $3,000.

Section 3 of the Act of May 26, 1933, P. L. 1072, which gives rise to your immediate inquiry, provides as follows:

"Every county superintendent having more than one hundred and fifty (150), and not more than five hundred and fifty (550) teachers, under his supervision shall have one assistant county superintendent. Every county superintendent having more than five hundred and fifty (550), but not more than one thousand and fifty (1050) teachers, under his supervision shall have two assistant county superintendents. Every county superintendent having more than one thousand and fifty (1050) teachers under his supervision shall have one additional assistant county superintendent for each additional five hundred teachers, or fraction thereof, but no county superintendent shall have more than five assistants. The assistant superintendents in office at the time this act takes effect shall continue in office until the expiration of their respective terms."

Your question is whether the Act of 1933 has made it impossible for conventions of school directors to elect additional assistant county superintendents, as

was authorized by section 1126 of the School Code. You say that in several counties the directors' conventions have elected additional assistants since the effective date of the Act of 1933, in the belief that that act did not affect the provisions of section 1126 of the code.

The problem is not without difficulty. If the Act of 1933 had been an amendment to the appropriate sections of the School Code, we could have determined more readily its effect on the existing provisions. However, it stands as an independent act. Among the purposes stated in the title are these:

". . . restricting the number of assistant county superintendents; and superseding any inconsistent acts and parts of acts."

Section 6 expressly provides that:

"All acts and parts of acts inconsistent with the provisions of this act are hereby superseded for the period during which this act shall be in effect."

Thus we have an act of assembly with the avowed purpose of restricting the number of assistant county superintendents and of repealing any acts which would be inconsistent with the restrictions so imposed. Section 3, standing alone, would not warrant the appointment of any additional assistants. On its face, it appears to be complete in itself. It prescribes the number of assistants each county superintendent shall have and expressly limits the number to a maximum of five. Both the title and the body of the act show that it is distinctly an act fixing definite limitations and in some cases necessitating reduction of the number of assistants. The last sentence of section 3 clearly contemplates that the offices of some assistant superintendents would be abolished by the act at the end of the current terms of the incumbents.

Again, we note the similarity between the general form of section 3 of the Act of 1933 and section 1126 of the School Code. The first parts of each of these sections are strikingly alike, and it is apparent that the draftsman of the latter section had the other one before him. However, the provision of section 1126 of the School Code for the appointment of additional assistant superintendents was omitted from the new act, and in its place there were added sentences which emphasized the restrictive nature of the section.

We have not overlooked the fact that by section 1130 of the School Code these additional assistant superintendents are compensated not directly by the State but by the school districts, although the salaries are deducted by your department and paid direct to the assistant superintendents. These salaries are taken from the appropriations which would otherwise be paid to the districts in question.

However, that fact cannot place these additional assistants in such a distinct class as would justify us in saying that they were not affected by the provisions of the Act of 1933. Irrespective of the source of their compensation, they are nevertheless assistant county superintendents. Their duties and their powers are the same as those of the required assistants.

Therefore, we are forced to conclude that the Act of 1933 has repealed the authority contained in section 1126 of the School Code for conventions of school directors to appoint additional assistant county superintendents, and that any such additional assistants elected since the effective date of the Act of 1933, namely May 26, 1933, were elected without legal authority.

You have also asked us, in case our answer to your first question should be as we have stated it, whether section 1215 of the School Code provides any possible way out of the difficulty experienced by the districts which have unwittingly elected an additional assistant superintendent.

Section 1215 provides as follows:

"Two or more school districts may join in the employment of a supervising principal, or of a supervisor or teacher of drawing, music, or other special subject, for part or all of the schools of such districts; such supervising principal, supervisor or special teacher to be employed, his compensation paid, and his duties prescribed, by the several districts employing him."

It is apparent that the school districts in a county which would ordinarily be under the supervision of an assistant county superintendent could agree, under section 1215, to employ as supervisor of a special subject or subjects the man who was formerly an assistant county superintendent and arrange to pay him from their several funds. Therefore, if the districts wish to have the work of the regular assistant superintendent supplemented, there would be no doubt of their right to join in the employment of a supervisor under section 1215.

To summarize, it is our opinion that section 3 of the Act of May 26, 1933, P. L. 1072, definitely limits the number of assistant county superintendents which any county may have and has repealed prior legislation which authorized conventions of school directors to apoint additional assistant county superintendents. Therefore, any such additional assistants who were appointed after May 26, 1933, are not holding office legally.

The services of an additional county superintendent may be approximated under section 1215 of the School Code if all the school districts enter into an agreement thereunder for the employment of such a supervisor as is authorized by that section.                              From C. P. Addams, Harrisburg, Pa.